1

Wm. Thomas Lewis/State Bar No. 116695
**ROBERTSON & LEWIS**

2

Attorneys at Law
PO Box 1257

3

Gilroy, CA  95021-1257
Telephone: (408) 294-3600

4

Attorneys for Secured Creditor

5

**HERITAGE BANK OF COMMERCE**

6

7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

8

(San Francisco Division)

9

In re:

Case No. 20-30095-HLB

10

**DOUCE FRANCE**,

Chapter 11

11

Debtor

SECURED CREDITOR'S REPLY

12

MEMORANDUM OF POINTS AND
AUTHORITIES AND OBJECTION TO AMENDED

13

BUDGET

14

Date:  April 2, 2020
Time: 10:00 a.m.

15

Place: United States Bankruptcy Court
        Courtroom 19

16

        450 Golden Gate Avenue
        16th Floor

17

        San Francisco, CA 94102
Judge: Hon. Hannah L. Blumenstiel

18

**HISTORICAL FACTS**

19

20

Debtor **DOUCE FRANCE** (the "Debtor") and secured creditor **HERITAGE BANK OF**

21

**COMMERCE** (the "Secured Creditor") are parties to an US Small Business Administration ("SBA")

22

term loan (the "Loan").  Among other things, the loan documents for the Loan (the "Loan

23

Documents") granted Secured Creditor a blanket security interest in substantially all of Debtor's

24

personal property assets (the "Collateral").

25

On January 30, 2020, Debtor filed the pending Chapter 11 case.  Concurrently with its

26

petition, and without notice to Secured Creditor, Debtor made application to this court for an Order

**ROBERTSON & LEWIS**
PO Box 1257
Gilroy, CA 95021-1257
(408) 294-3600

27

Granting Debtor's Motion For Authority To Use Cash Collateral On An Interim And Final Basis,

28

1

which order for interim use was granted and set a final hearing on the motion for March 5, 2020. At the March 5 final hearing, and because of certain service deficiencies regarding the application and the final hearing, the court issued as docket no. 38 a final order on the use of cash collateral vis-à-vis Secured Creditor only (the "Existing Final Order"), which Existing Final Order authorized "Debtor [to] operate in accordance with its budget of March 4, 2020 subject to a 10% variance" (the "March 4 Approved Budget") and continued until April 2, 2020 the final hearing on the application "[a]s to all creditors other than Heritage Bank of Commerce ('Heritage')."

In connection with the continued hearing as to all creditors *other than* Secured Creditor, Debtor filed as docket nos. 53, 53-1, and 53-2 its Supplement To Cash Collateral Motion Containing Revised Projections In Light Of The Covid 19 Pandemic For Hearing; Declaration Of Mauro Ferreira (the "Motion Supplements"). By its Motion Supplements, Debtor now apparently seeks to modify the March 4 Approved Budget incorporated into the Existing Final Order relative to Secured Creditor as part of its final hearing on its cash collateral application "[a]s to all creditors other than Heritage Bank of Commerce ('Heritage')."

Secured Creditor objects to the amendment to the March 4 Approved Budget incorporated into the Existing Final Order sought by the Motion Supplements and asserts that any such amendment requires a formal motion to modify the Existing Final Order vis-à-vis Secured Creditor, in which Secured Creditor can analyze and formally respond to the amendment request.

Additionally, in response to issues raised by Secured Creditor that Debtor made preferential pre-petition payments to insiders, the Existing Final Order required that "[a]t least 7 days prior to the April 2, 2020 hearing, Debtor shall file and serve a declaration explaining the $4,057 item in the Statement of Cash Flows attached as Exhibit 4 to Dkt. No. 35."

In furtherance of that Existing Final Order, Debtor filed as docket no. 46 its Declaration Of Mauro Ferriera Regarding Loans From Shareholders Listed On Statement Of Cash Flows (the "Debtor's Insider Preference Declaration"). Rather than being limited to a pre-petition payment by

Debtor to its insider principal of $4,057 as set forth in Debtor's Statement of Cash Flows filed in connection with the original application, the Debtor's Insider Preference Declaration confirms that in reality "Debtor prepetition paid [to its principal/insider] $7,800.00, $5,757.00 and $260.00, respectively, for a total of $13,917.00." Thus, as a condition to using cash collateral, Debtor should be ordered to secure the refund and return such $13,917 insider preferential payments.

## ANALYSIS AND ARGUMENT

**The March 4 Operating Budget Which is the Subject of the Existing Final Order Cannot be Modified and Replaced by the Filing of the Motion Supplements**

Section 363(c) of the Bankruptcy Code (the "Code") provides that a debtor-in-possession may "not use, sell, or lease cash collateral ... unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. §363(c)(2). Absent an agreement with any party having any interest in the cash collateral, Section 363(e) of the Bankruptcy Code requires that the court prohibit or condition the use of cash collateral as is necessary to provide adequate protection of such interest. *Id.* §363(e).

Here, as to Secured Creditor, the Existing Final Order established the terms and conditions for use of cash collateral vis-à-vis Secured Creditor. Bankruptcy Rule 4001(a)(1) and (b) requires that any motion to amend the Existing Final Order with respect to the use of cash collateral needs to be done by noticed motion under Bankruptcy Rule 9014 and a hearing on such request shall occur no earlier than 14 days after service. Here, there is not even a motion served on Secured Creditor with respect to the amended use of its cash collateral, because the Existing Final Order is final vis-à-vis Secured Creditor and the April 2, 2020 continued hearing is to determine rights and claims of creditors *other than* Secured Creditor.

The Motions Supplements do not satisfy the content requirements for a motion under Bankruptcy Rule 4001(b)(1)(B) and do not satisfy the 14 day notice requirement of Bankruptcy Rule

ROBERTSON & LEWIS
PO Box 1257
Gilroy, CA 95021-1257
(408) 294-3600

4001(b)(3).  Thus, any order at the continued hearing should be limited to approving the use of cash collateral relative to all creditors other than Secured Creditor in accordance with the March 4, 2020 Operating Budget.

**As a Condition to Using Cash Collateral, Debtor Should be Ordered to Secure the Refund And Return of the $13,917 Insider Preferential Payments**.

Upon commencement of the case, Section 542 requires all parties in possession of property of the estate to turnover such property to the estate.  11 U.S.C. §542.  This turnover duty would extend to preferential payments made to insiders.  *Id*. §547(b).

Absent an agreement with any party having any interest in the cash collateral, Section 363(e) of the Bankruptcy Code requires that the court prohibit or condition the use of cash collateral as is necessary to provide adequate protection of such interest.  *Id*. §363(e).  Here, Secured Creditor asserts that Debtor should be required to use its own cash assets to fund its operations, before being allowed to use and consume Secured Creditor's cash collateral, and that requiring that Debtor secure the refund and return such $13,917 insider preferential payments is an appropriate condition to the use of such Secured Creditor's cash collateral under Section 363(e).

///

///

**CONCLUSION**

Accordingly, to the extent that the court is inclined to grant the application to use cash collateral relative to all creditors other than Secured Creditor, Secured Creditor respectfully requests that the court permit such use only in accordance with the March 4, 2020 Operating Budget (and not the budget attached to the Motion Supplements), that the court decline (to the extent it is presented) any request to modify the operating budget incorporated into the Existing Final Order from the March 4, 2020 Operating Budget to the budget attached to the Motion Supplements, and that the court condition any further use of cash collateral on Debtor securing the refund and return such $13,917 insider preferential payments.

Dated: March 31, 2020

**ROBERTSON & LEWIS**

By: /s/ *Wm. Thomas Lewis, Esq*
Wm. Thomas Lewis, Esq.,
Attorneys for Secured Creditor **HERITAGE BANK OF COMMERCE**